# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAYLOR FOSTER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PENNSYLVANIA ATTORNEY GENERAL, WESTMORELAND COUNTY COURTS, WARDEN BRYAN KLINE, *and* WESTMORELAND COUNTY DA'S OFFICE,<br><br>　　　　Respondents. | Civil Action No. 20-835<br><br>District Judge W. Scott Hardy<br>Magistrate Judge Maureen P. Kelly |

## MEMORANDUM ORDER

This matter comes before the Court after *pro se* Petitioner Taylor Foster declined to file objections to the Report and Recommendation ("R&R") (Docket No. 35) entered by Magistrate Judge Maureen P. Kelly on October 13, 2022. The R&R recommends that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Docket No. 9), filed by Petitioner in this matter on July 28, 2020, be dismissed without prejudice for failure to prosecute. (Docket No. 35 at 1, 5). The Court notes that after submitting an initial petition, Petitioner filed two additional documents purporting to seek habeas relief and failed to file an amended comprehensive petition when instructed to do so by Court Order (Docket No.10), resulting in the petition filed at Docket No. 9 being the effective petition. Service of the R&R was made on Petitioner by mail at the two addresses listed in the R&R, and he was informed that any objections to same were due by October 31, 2022. (Docket No. 35). Thereafter, Petitioner did not file any objections to the R&R.[1]

---

[1] The Docket in this case indicates that multiple Orders sent to Petitioner were returned to the Court with the notation, "RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD." (Docket Nos. 33, 34). As noted in the R&R, copies of the Court's Order to Show Cause why this case should not be dismissed due to Petitioner's failure to prosecute and failure to update his address of record (Docket No 31) were mailed both to

1

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). Here, however, because Petitioner did not file any objections to the R&R, which explicitly stated that failure to file timely objections "will waive the right to appeal" (Docket No. 35 at 5), we review the magistrate judge's decision for plain error. *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b) advisory committee note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R, the Petition, and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Kelly's recommendation. As such, the Court will adopt the R&R as the Opinion of the Court and will dismiss the Petition for a Writ of Habeas Corpus, without prejudice, for failure to prosecute. In so ruling, the Court agrees with Judge Kelly's determination that this case should be dismissed for Petitioner's failure to prosecute in view of the factors that the Court is to consider pursuant to *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984). (Docket No. 35 at 5). As Judge Kelly correctly observed in the R&R: Petitioner is proceeding *pro se*, and thus he bears all responsibility for prosecuting this case and complying with the Court's orders; Petitioner's refusal to respond to the

---

Petitioner's address of record as well as to the additional address provided by Respondents in response to the Court's Order of October 7, 2021 (Docket Nos. 26, 27, 28). (*See* Docket No. 35 at 2). The copy of said Order to Show Cause mailed to Petitioner's address of record was returned as undeliverable, but the copy mailed to the additional address was not returned. (*See* Docket 35 at 2). Similarly, copies of the R&R were also sent to Petitioner at both his address of record and the additional address, and only one copy of the R&R was returned to the Court on October 25, 2022, with the indication that it was returned to the sender because of no forwarding address. (*See* Docket No. 35).

Court's orders, or to provide his current address to the Court, unnecessarily drags out this litigation and unfairly prejudices Respondents; Petitioner's refusal to respond to the Court's orders, or to provide an address at which the Court can serve orders, indicates that Petitioner does not intend to proceed with this case and demonstrates a history of dilatoriness; as there is no indication in the record that Petitioner's conduct is the result of excusable neglect, the conclusion that Petitioner's failure is willful is inescapable; there is no indication on the record that the imposition of costs or fees would likely be an effective sanction; and, out of an abundance of caution, the meritoriousness of Petitioner's case is viewed as a neutral factor. (*Id.* at 3-4). For these reasons, this case will be dismissed.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 13th day of February, 2023,

IT IS HEREBY ORDERED that the R&R (Docket No. 35) is ADOPTED as the Opinion of the Court.

For the reasons set forth in the R&R, IT IS FURTHER ORDERED as follows:

(1) Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket No. 9) is DISMISSED WITHOUT PREJUDICE for failure to prosecute; and

(2) The Court will not issue a certificate of appealability because jurists of reason would not find it debatable that Petitioner has failed to prosecute this case.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:     All counsel of record

Taylor Foster (via U.S. Mail)
3598-19
Westmoreland County Prison
3000 South Grande Boulevard
Greensburg, PA 15601

Taylor Foster (via U.S. Mail)
910 Gaskill Avenue
Apt. 2-L
Jeannette, PA 15644